# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MONIKA PLATA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.  1:17-CV-2617 |
| | ) | |
| COMMUNITY HEALTH NETWORK, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Monika Plata ("Plata"), by counsel, brings this action against Defendant, Community Health Network. ("Defendant"), and shows as follows:

## OVERVIEW

1.     This is an employment discrimination action (disability) brought by Plata against Defendant alleging that she was discriminated against because of one or more of her disabilities as protected by the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq.

## PARTIES

2.     At all relevant times Plata lived in the Southern District of Indiana.

3.     Defendant is a corporation that conducts business and maintains offices in Southern District of Indiana.

4.     Plata, at all times relevant, was an 'employee' as defined by 42 U.S.C.§12111(4). Moreover, Plata is disabled as that term is defined by the ADA.

5.     Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A).

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331 and 42 U.S.C. §12117(a).

7.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located herein.

8.     Plata properly exhausted her administrative remedies when she timely filed a charge of discrimination (and later amended it) with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discriminated based on disability.  A notice of suit rights was issued on May 4, 2017, and Plata now brings this Complaint within ninety (90) days of receipt thereof.

## FACTUAL ALLEGATIONS

8.     Plata began her employment with Defendant in or about July 2000.  Plata was employed as an Ambulatory Care Pharmacist.

9.     Plata suffers from one or more conditions that qualify her as disabled under the ADA.  These conditions are permanent and substantially limit her in one or more major life activities.

10.    Plata met Defendant's legitimate expectations of performance.

11.    In July 2014 Plata suffered a stroke.

12.    Plata, and her comparators, transitioned in to new positions in the fall of 2014. Plata sought various accommodations, e.g. training and mentoring, to assist her with the transition.  Defendant failed to fully accommodate Plata's requests.

13.    Plata performance scores increased from 2014 to 2015 despite her not being provided additional training or any accommodation.

2

14.     Plata worked longer hours to verify the work she completed each day.  Defendant did not care for this accommodation and unilaterally changed her position to an exempt position so she could complete the work without having to pay her for the additional time she worked.

15.     Plata developed epilepsy in April 2015.

16.     Plata's peer was not required to forego overtime or hourly wages in the event she works more than she is scheduled.

17.     Despite Plata's noted performance history, her (then) supervisor told Plata's doctor that she was concerned about Plata's 'declining performance.'

18.     Plata submitted a doctor's note that indicated she can perform her job with an accommodation of additional time.

19.     Notwithstanding this note and the reasonable accommodation requested, Defendant forced Plata out of work in May 2016.

20.     Plata's employment has since been terminated.

21.     Defendant failed to engage in the interactive process or to determine if Plata could continue in her position with or without a reasonable accommodation.  Plata has submitted an ADA accommodation request in December 2015 and her doctor's recommendations in March 2016.  Defendant failed to discuss either the request or the note with Plata.  Ultimately, it simply put her off of work despite her not suffering from a seizure in more than a year on May 30, 2016.

22.     Plata presented a note from her physician to Defendant in or about August 2016 providing for her to return to work with certain accommodations.  Defendant was unwilling to negotiate any accommodations with Plata at all.  Plata's doctor submitted a second similar letter in October 2016 that Defendant also ignored.

23.     Plata has been harmed by Defendant's conduct.

## LEGAL ALLEGATIONS

## VIOLATIONS OF THE ADA

24.     Plata incorporates by reference paragraphs one (1) through twenty-three (23).

25.     Plata was denied any accommodation, reasonable or otherwise, without explanation.

26.     Defendant failed to engage in the interactive process.

27.     Defendant discriminated against Plata by removing her from her position and denying her one or more reasonable accommodations.

28.     Plata has been harmed by Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Monika Plata, respectfully demands judgment against Defendant in her favor and requests that the Court grant the following relief:

a)  An Order awarding Plata the wages she lost and the value of the benefits she lost as a result of her unlawful termination;

b)  An Order awarding Plata compensatory and punitive damages for an intentional violation of her rights as provided for by the ADA;

c)  An Order awarding the costs of this action;

d)  An Order awarding reasonable attorneys' fees;

e)  An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f)  An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott

4

Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:      (317) 500-0700
Facsimile:      (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:      (317) 500-0700
Facsimile:      (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff